UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLATTE RIVER INSURANCE COMPANY, a Nebraska corporation,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER POWER RENEWABLE ENERGY, INC., a California corporation; DEAN RICHARDS MARKS, an individual; and SARILEE MARKS, an individual,<br><br>Defendants. | No. 2:14-cv-1666-WBS-EFB<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's application for default judgment against defendant Premier Power Renewable Energy, Inc. ("Premier").[1] ECF Nos. 8 and 49. For the reasons stated below, plaintiff's motion must be granted.[2]

/////

/////

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19). *See* 28 U.S.C. § 636(b)(1).

[2] The court determined that oral argument would not materially assist in resolution of the motion, and the hearing noticed for December 16, 2015 (ECF No. 49) was therefore vacated. E.D. Cal. L.R. 230(g).

1

I.     Background

This action arises out of a performance bond and indemnity contract, that were part of an overall construction project for a roof mounted solar system for a public school district in Colorado. Defendant Premier Power Renewable Energy, Inc. ("Premier Power"), which is owned by defendants Dean Richards Marks and Sarilee Marks, entered into construction contracts to install the solar system. The Marks and Premier Power also entered into an agreement with plaintiff for plaintiff to issue performance bonds for which the Marks would hold plaintiff harmless and indemnify plaintiff in the event of any claims on the bonds. As discussed below, Premier Power allegedly defaulted on its performance obligations on the project and claims were made against the bond. The Marks allegedly failed to meet their indemnity and hold harmless obligations to plaintiff and plaintiff now brings this action for breach of the indemnity agreement.

Plaintiff's complaint asserts claims against Premier, Dean Richards Marks, and Sarilee Marks for (1) breach of written indemnity contract (2) specific performance, (3) injunctive relief, and (4) Quia Timet. ECF No. 1. On July 18, 2014, plaintiff served Premier by personally delivering a copy of the summons and complaint to Jack Richards, Premier's registered agent for service of process. ECF No. 6. After Premier failed to timely respond to the complaint, plaintiff requested the clerk enter Premier's default (ECF No. 7), which was entered on August 14, 2014 (ECF No. 8). Plaintiff moves for default judgment on its breach of contract claim against Premier.[3]  ECF No. 49-1.

II.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25

---

[3]  Richards Marks and Sarilee Marks appeared in this action and filed an answer. ECF No. 15. Plaintiff was granted summary judgment against these defendants on the breach of contract claim on December 9, 2015. ECF No. 53.

(9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

III. Discussion

    A. Appropriateness of the Entry of Default Judgment Under the *Eitel* Factors

        1. Factor One: Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Here, plaintiff would potentially face prejudice if the court does not enter a default judgment. Absent entry of a default judgment,

/////

3

plaintiff would be without another recourse for recovery against Premier.  Accordingly, the first *Eitel* factor favors the entry of a default judgment.

### 2. Two and Three: The Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint should be discussed together because of the relatedness of the two inquires.  The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought.  *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175.

Plaintiff seeks default judgment on its breach of contract claim against Premier.[4]  To succeed on its breach of contract claim under California law, plaintiff must establish (1) the existence of a contract; (2) plaintiff's performance; (3) defendant's breach of the contract; and (4) damages flowing from the breach.  *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).

The complaint alleges that on March 3, 2009, Premier Power entered into a General Indemnity Agreement ("Agreement") in favor of Platte River, as an inducement and partial consideration for Platte River issuing surety bonds on behalf of Premier Power.  *Id*. ¶ 10.  The Agreement required Premier to indemnify plaintiff "against all demands, claims, loss, costs, damages, expenses and fees including any attorneys' fees" that plaintiff incurred as a result of issuing surety bonds.  *Id*. ¶ 12.  Thereafter, Premier Power entered into a construction contract known as "3020kWp-DC Roof Mount, Solar Roof System" in Douglas County, Colorado, *id*. ¶ 13, and Platte River executed a Performance and Payment Bonds (collectively, "the Bonds") for certain performance and payment obligations under it.  *Id*. ¶ 14.  Various claimants under the Bonds have alleged that Premier Power defaulted on its performance and payment obligations which were secured by the Bonds.  Pursuant to the Agreement, plaintiff requested Premier to

---

[4] As noted, the complaint purports to assert four causes of action: (1) breach of written indemnity agreement, (2) specific performance, (3) injunctive relief, and (4) Quia Timet.  ECF No. 1 at 8-12.  However, it reduces to a single cause of action for breach of contract.  The second, third, and fourth claims are merely forms of relief based on defendants' alleged breach of contract.  They are not independent grounds of recovery.  Accordingly, plaintiff application for default judgment only addresses its claim for breach of contract.

1  indemnify it for the claims made against the Bonds, but it has failed to do so. *Id*. ¶ 15. As a
2  result, plaintiff incurred liabilities in excess of $1,011,121.60 as of the date this action was
3  commenced, and continues to incur additional losses due to investigation, defense, and/or
4  satisfaction of claims against the Bonds. *Id*. ¶¶ 16, 21.

5  These allegations are sufficient to allege a breach of contract claim under California law.
6  Accordingly, these two factors weigh in favor of granting default.

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003). Plaintiff seeks damages in the amount of $1,334,701.14 (principal amount $1,217,078.56, plus interest $117,622.58). Although the amount of money at stake in this case is large, the amount sought is not excessive in relation to Premier's conduct. Indeed, plaintiff only seeks to recover what it is owed under the contract.

### 4. Factor Five: The Possibility of Dispute Concerning Material Facts

The court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc.*, 219 F.R.D. at 500; *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Accepting the plaintiff's allegations as true, there will likely be no dispute concerning a material fact.

### 5. Factor Six: Whether the Default Was Due to Excusable Neglect

The record reflects that Premier's default was not due to excusable neglect. Premier was served a copy of the summons and complaint on July 18, 2014. ECF No. 6. Plaintiff also served Premier with a copy of the motion for default judgment. ECF No. 49-4. Thus, it appears that Premier had notice of the pending action but has decided not to defend against plaintiff's claims.

/////

6. <u>Factor Seven: The Strong Policy Favoring Decisions on the Merits</u>

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816, at *7 (N.D. Cal. Jan. 11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009). Accordingly, this factor should not preclude entry of default judgment.

On balance, the *Eitel* factors weigh in favor of granting plaintiff's motion for default judgment. The court must therefore determine the amount of damages plaintiff is entitled to receive.

B. <u>Damages</u>

In support of its motion for default judgment, plaintiff submitted the declaration of Ron Wills, a Senior Bond Claims Specialist for plaintiff. ECF No. 49-2. Mr. Willis's declaration establishes that the Bonds were both issued in the amount of $1,011,121.60. *Id*. ¶ 14. After the Bonds were issued, a subcontractor, Power Partners MasTec, LLC ("PPM") asserted a $1.6 million claim against the Payment Bond, alleging that Premier defaulted on its payment obligation to PPM. *Id*. ¶ 15. The dispute regarding that claim went to arbitration and on October 2, 2014, the arbitrator awarded PPM $1,964,419.56 in damages, $707,191.04 in interest, and $324,448.84 in attorney's fees, expenses and costs, for a total award of $2,996,059.44. *Id*. ¶ 18. The amount awarded was subsequently confirmed by the United States District Court for the Southern District of New York. *Id*. ¶¶ 19-20, Ex. 7. Thereafter, plaintiff issued payment to PPM in the amount of $1,011,121.60, in satisfaction of PPM's claims against the Payment Bond. ECF No. 49-2 ¶ 26.

After PPM made its claim under the Payment Bonds, but prior to plaintiff issuing payment, plaintiff requested defendants deposit cash or collateral with plaintiff in the amount of PPM's claim as required by the Agreement. *Id*. ¶¶ 22-23. Defendants refused to do so, and therefore plaintiff retained counsel to assist with the investigation of liens and other claims issues

6

related to the dispute. To date, plaintiff has incurred $205,956.96 in expenses and fees in relation to issuing the Bonds. *Id*. ¶¶ 25-34, Ex. 4. The Agreement specifically provides that Premier is required to indemnify plaintiff "against all demands, claims, loss, costs, damages, expenses, and fees including any attorneys' fees" that plaintiff incurred as a result of issuing the Bonds. *Id*. Ex. A (section 2). The Agreement further provides that plaintiff is entitled to prejudgment interest at a rate of 12 percent per annum. Accordingly, plaintiff is entitled to an award of $1,214,078, plus interest at a rate of 12 percent per annum, for the amount paid under the Payment Bond and the expenses incurred in issuing it.

Plaintiff's evidence demonstrates that it made 76 payments between December 2012 and October 2015 for expenses it incurred related to PPM's claim under the Payment Bond, and that the interest for these payments, at a rate of 12 percent, totals $117,662.58 (calculated from the date of each disbursement through December 14, 2015).[5] Accordingly, plaintiff is entitled to damages in the amount of $1,334,701.14 (principal plus interest).

IV.  Conclusion

For the reasons state above, it is hereby RECOMMENDED that:

1. Plaintiff's application for default judgment (ECF No. 49) be granted;

2. The court enter judgment against defendant Premier Power Renewable Energy, Inc., jointly and severely, in the amount of $1,334,701.14.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

---

[5] Plaintiff only seeks to recover interest through and including December 14, 2015, the date its motion for summary judgment was set for hearing before the assigned district judge. ECF No. 49-1 at 19.

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 20, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE